IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOYLE DURWOOD KIRKLAND, JR.,   )
                                )
        Plaintiff,               )
                                )
    v.                           )   Civil Action No. 14-224-J
                                )
CAROLYN W. COLVIN, ACTING       )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
        Defendant.               )

O R D E R

AND NOW, this 30th day of September, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's first argument is that the Administrative Law Judge ("ALJ") failed to evaluate his alleged chronic obstructive pulmonary disease ("COPD") at Step Two of the sequential analysis, which resulted in a Residual Functional Capacity ("RFC") assessment that is not supported by substantial evidence. The Court disagrees.

The Court notes at the outset that the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it is irrelevant whether the ALJ correctly or incorrectly found another of Plaintiff's alleged impairments to be non-severe, as long as, as discussed below, he properly accounted for all impairments at Steps Four and Five.

Nonetheless, the Court finds here that substantial evidence supports the ALJ's findings, which do not include COPD among Plaintiff's severe impairments. A claimant has the burden of demonstrating, at Step Two of the disability determination process, that he or she has a "severe" impairment or combination of impairments. See 20 C.F.R. §§ 404.1512(a), 404.1520(c); Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987). An impairment is "not severe" if the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities. See SSR 85-28, 1985 WL 56856 (S.S.A.), at *3 (1985); Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28). The severity step of the sequential evaluation process thus functions as "a de minimis screening device to dispose of groundless claims." Newell, 347 F.3d at 546; see also McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (holding that the "burden placed on an applicant at step two is not an exacting one").

Upon consideration of the evidence presented in this case, the Court finds that the ALJ's decision, which did not provide discussion as to whether COPD should be listed among Plaintiff's severe impairments, is indeed supported by substantial evidence. Plaintiff alleges disability beginning January 30, 2009, and his last date insured was June 30, 2010. As Plaintiff understands, in order to be eligible for DIB benefits, he had to establish that he was disabled as of the latter date. See 42 U.S.C. § 423(a),(c); 20 C.F.R. § 404.101. Thus, Plaintiff was "required to demonstrate the existence of a mental [or physical] impairment that precluded [him] from performing substantial gainful activity for a continuous period of twelve months prior to the expiration of [his] insured status." Kelley v. Barnhart, 138 Fed. Appx. 505, 507 (3d Cir. 2005).

2

Plaintiff, while acknowledging that he was not diagnosed with COPD until after his date last insured, instead argues essentially that his lung issue was flagged prior to the expiration of his insured period, so the ALJ should have secured medical expert testimony to determine the onset date of his COPD. The Court, however, finds no merit in this argument.

The few vague references in the record to lung issues possibly being present during Plaintiff's insured period do not establish the existence of any concrete associated work-related limitations that existed prior to June 30, 2010. Specifically, the only evidence Plaintiff identifies to support his argument is a chest x-ray from 2003 (long before the relevant time period in this case) that showed abnormal chest and bilateral thickening and calcification. (R. 707-08). Plaintiff also cites to records from an August 14, 2012, consult with Sarita Kumari, M.D., regarding apnea/sleep issues, which referenced a prior visit with Aditya Bhargava, M.D., on March 27, 2008, and which indicated that Plaintiff had a past history of COPD. (R. 868-72). Plaintiff admits, further, that he was first diagnosed with COPD in March, 2012, and that he was conclusively diagnosed with COPD in June, 2012. (Doc. No. 11, at 22).

Regardless of whether there was any onset of COPD during the relevant time period, the mere existence of an underlying medical condition prior to the date last insured is insufficient at Step Two without evidence that the condition significantly limited his ability to do basic work activities during the insured period. See Perez v. Comm'r of Soc. Sec., 521 Fed. Appx. 51, 54-55 (3d Cir. 2013). **In fact, nothing in the record indicates that plaintiff was in any way disabled due to COPD during the relevant time period.** Plaintiff does not allege symptoms potentially from COPD during that time, nor did he even list COPD as one of his impairments when he applied for disability benefits in 2011. (R. 44, 184). Instead, Plaintiff continued to work until at least 2009, despite any alleged issues, and he testified that he quit his job in 2009 not because of any physical medical condition, but because his employer was placing too many responsibilities on him. (R. 44-45). Thus, Plaintiff does not at any point establish the existence of functional limitations created by COPD during his insured period. Therefore, even if the Court were to assume that Plaintiff's later diagnosis of COPD relates back to the insured period, this mere diagnosis alone would not complete the statutory analysis necessary at Step Two, as it would not reveal the degree of functional limitation resulting from such impairment. See Maddaloni v. Comm'r of Soc. Sec., 340 Fed. Appx. 800, 802 (3d Cir. 2009).

The Court notes, additionally, that even if an impairment is non-severe, it may still affect a claimant's RFC. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996); see also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, just because the ALJ did not find Plaintiff's COPD to be severe does not mean that such condition could not still have affected his RFC.

However, the Court finds here that substantial evidence supports the ALJ's findings as to Plaintiff's functional limitations, and the evidence does not establish that any issues Plaintiff may have had with regard to COPD prior to June 30, 2010, impacted his work-related functional ability. In fact, in his decision, the ALJ discussed at length Plaintiff's various alleged mental and physical health issues, examined the treatment Plaintiff received, and reviewed Plaintiff's work history, testimony, and extensive activities of daily living. The ALJ also discussed the opinion evidence in the record and noted that the state agency physician (Michael J. Niemiec, D.O.) and the state agency psychologist (Roger Glover, Ph.D.), who both evaluated the evidence of record, concluded that Plaintiff is capable of performing work at the light exertional level and does not have more than moderate work-related limitations from his mental health impairments. (R. 24). The ALJ stated that he gave "some weight" to these opinions as they are consistent with the evidence in the record, and noted that his RFC is actually more restrictive than those opinions. (R. 24). The ALJ pointed out, further, that no treating or examining medical source has reported that Plaintiff is disabled or provided a medical source statement inconsistent with his RFC. (R. 24). Thus, the Court finds that the ALJ did not err in his evaluation of Plaintiff's COPD at Step Two of the sequential analysis, and that substantial evidence supports the ALJ's ultimate RFC assessment.

Plaintiff's second contention is that the ALJ did not properly evaluate Plaintiff's severe impairment of diabetes, and that his RFC in this regard is thus not supported by substantial evidence. Specifically, Plaintiff alleges that the ALJ should have considered the "interplay" of Plaintiff's mental impairments with his ability to keep up with his diabetes medications. The Court also finds this argument to be without merit.

Quite simply, nothing in the record supports Plaintiff's assertion. First, Plaintiff testified at his hearing that he has never missed work due to his diabetes. (R. 47). When asked by his doctor in April, 2009, why he did not call to have his insulin refilled after he had been out of it for three months, Plaintiff responded, "I have no excuse." (R. 581). Additionally, Plaintiff's medical records indicate that, during the relevant time period, his mental issues appear to have been stable on medication. (R. 24). Furthermore, none of Plaintiff's treatment providers cite any mental health reasons for Plaintiff's failure to comply with his diabetes medications, and the record indicates that Plaintiff was clearly able to seek treatment for other impairments. Finally, upon review of the evidence of record, Dr. Niemiec opined that Plaintiff had the physical RFC to perform light work with occasional postural maneuvers before June 30, 2010, and Dr. Glover opined that Plaintiff had the mental RFC during the relevant time to meet the basic demands of competitive work on a sustained basis despite limitations from his impairment. (R. 24, 68-70, 70-71).

The ALJ thus properly accounted for all of Plaintiff's physical and mental work-related complaints which were supported by the record, during the relevant time period, by limiting him to simple, routine, repetitive light work with only occasional postural activities and only occasional interaction with the public. (R. 22). The VE was then able to identify representative work that Plaintiff could perform despite his limitations. (R. 26). Nothing in

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:   Counsel of record

---

the record indicates that additional limitations may have been called for because of any "interplay" between Plaintiff's mental impairments and his ability to keep up with his diabetes medications. The Court, therefore, finds that the ALJ properly evaluated Plaintiff's impairment of diabetes along with his mental impairments, and that the ALJ's RFC is supported by substantial evidence.

Accordingly, the Court affirms.